UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICOLE MERCER,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP,<br><br>    Defendants. | Case No. 3:22-CV-00337<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Plaintiff Nicole Mercer has filed a motion asking the Court to compel Defendants Unum Life Insurance Company of America and Unum Group (collectively, Unum) to produce certain discovery.[1] (Doc. No. 33.) Unum has responded in opposition (Doc. No. 36), and Mercer has filed a reply (Doc. No. 39). For the reasons that follow, Mercer's motion will be denied.

## I.    Background

Mercer brings this action under the Employee Retirement Income Security Act of 1974 (ERISA) to recover long-term disability benefits that she claims have been wrongfully withheld by Unum. (Doc. No. 1.) Mercer was employed as a nurse practitioner and instructor at Vanderbilt University Medical Center until she was "placed on full off work status" due to the effects of disabling conditions including "Myalgic encephalomyelitis (ME)/chronic fatigue syndrome, postural orthostatic tachycardia syndrome (POTS), Fibromyalgia, and autonomic dysfunction."

---

[1]    Mercer filed a "motion for discovery" without further specification of the basis for her motion. (Doc. No. 33.) The Court construes Mercer's motion as one to compel production under Federal Rule of Civil Procedure 37.

(*Id.*) Unum denied Mercer's claim for long-term disability benefits on April 14, 2021, "stating that it had two file reviewing physicians who reviewed [Mercer's] file and concluded that [Mercer] has no restrictions and limitations that would prevent her from returning to work in her own occupation on a full time basis." (*Id.*) Mercer appealed the denial and provided, among other evidence, "three medical opinion forms from three different treating providers, a vocational review, [and] letters from her treating providers explaining her medical conditions and how they impact her ability to work . . . ." (*Id.*) Unum responded with "evidence that it had generated on appeal" including "two in-house file reviewing physician reports" stating that Mercer "has no restrictions and limitations preventing her from working full time in her own occupation." (*Id.*) Mercer provided additional evidence in support of her claim, including "responses from two treating providers stating that they do not agree with the in house file reviewing physicians'' opinions . . . ." (*Id.*) Unum denied Mercer's claim on appeal on February 3, 2022. (*Id.*)

In this Court, Mercer asserts that Unum was "under a perpetual conflict of interest" when it denied her benefits claim "because the benefits would have been paid out of [Unum's] own funds." (*Id.*). Mercer alleges that Unum "incentivize[s] its claims handlers to terminate a specified number of claims every month" through financial and claim-closure targets. (*Id.*) She also claims that Unum's "targeting of [her] claim for denial taints all evidence [Unum] developed during the review of her claim as the review was designed to reach the result of a denial, not an impartial weighing of the evidence." (*Id.*) For this reason, Mercer asserts, Unum's decision to deny her benefits claim was arbitrary and capricious. (*Id.*)

## II.     Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil

Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

**III.     Analysis**

A court's consideration of a denial of benefits in an ERISA action is generally limited to the administrative record considered below. "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part . . . This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.'" *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir. 1998)). The

discovery Mercer seeks through her motion relates to her claim that Unum operates under a conflict of interest in reviewing claims for benefits. Specifically, Mercer's Request for Production #6 asks Unum to:

> Provide each evaluative file or "written review" in all claims reviewed by DMO Arlen Green, OSP Sabrina Hammond, OSP Chris Bartlett, and any Unum doctor that reviewed Plaintiff's claim, for the Relevant Period, which utilized the following code numbers:
>
> a. ICD-10 R53.82 (Chronic Fatigue)(used by Plaintiff's Treating Providers)
>
> b. ICD-10 M79.7 (Fibromyalgia)(used by Unum's physicians or clinicians and Plaintiff's Treating Providers)
>
> c. ICD-10 M54.5 (Low back Pain)(used by Plaintiff's Treating Providers)

(Doc. No. 33.)

Mercer argues that, in a 2011 case filed in the Middle District of Pennsylvania, *Sallavanti v. Unum*, Case No. 3:11-cv-2264 (M.D. Pa. 2011), the plaintiff obtained "evaluative files for 'all claims reviewed by' three of [Unum's] doctors," including Dr. Freeman Broadwell. (Doc. No. 30.) Mercer states that the files "showed that [Dr. Broadwell] found a way to support terminating 98% of the claims he was asked to evaluate for disability." (*Id.*) She argues that, if the files requested in RFP #6 "show[] that these doctors are similarly denying a high percentage of claims, then the relevance to this case is obvious." (*Id.*)

In her motion, Mercer frames her request as one for what courts have routinely termed "batting average" evidence—statistical data showing the number of claims a particular reviewer has evaluated and the percentage of those claims approved versus those denied. (Doc. No. 33.) As the parties have ably demonstrated in their briefing, courts are split as to whether such information is discoverable in an ERISA action. *Compare Johnson v. Harleysville Life Ins. Co.*, No. 17-10321, 2018 WL 2454986, at *1 (E.D. Mich. June 1, 2018) (affirming magistrate judge's grant of "very

limited discovery into the issue of bias" including "the batting averages, the number of cases that [the reviewing doctor] has handled . . . and the ratio of disability opinions versus non-disability opinions"), and *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 413 (W.D. Ky. 2015) (charting development of cases in Kentucky district courts allowing discovery of, among other information, "statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted") (internal citations omitted), *with Reichard v. United of Omaha Life Ins. Co.*, 805 F. App'x 111, 117 (3d Cir. 2020) (affirming denial of "batting average" discovery on grounds that value "would be minimal at best" because the plaintiff "would have to show that each of those decisions was unreasonable based on the evidence in each file" and "[d]oing so would require a mini-trial on each of these other appeals" that "would still not change [the plaintiff's] burden to show that *on the administrative record here*, the denial of *her* benefits claim was unsupported by substantial evidence"), and *Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 768 (7th Cir. 2010) (finding sampling problems with "assessing conflict by comparing the number of benefits decisions affirmed and reversed" in ERISA cases to be "daunting").

      The Sixth Circuit has not yet weighed in on the propriety of "batting average" discovery, and this Court need not do so in deciding Mercer's motion. That is because Mercer's RFP #6 does not ask Unum to produce the kind of statistical data that the courts allowing "batting average" discovery have approved. Instead, Mercer asks Unum to produce "each evaluative file or 'written review'" for claims reviewed by the identified doctors during the relevant time period. (Doc. No. 33.) As Unum points out, even authority on which Mercer relies from courts that routinely allow statistical discovery find production of claim files and reports unduly burdensome and the information minimally relevant. *See, e.g.*, *Gluc*, 309 F.R.D. at 417 (finding that "[t]he language of such reports and their conclusions would have little impact on the question of [the defendant's]

5

alleged conflict of interest, bias or any due process violation"). *Cf. Weed v. Prudential Ins. Co. of America*, Civil Action No. 08CV10969, 2009 WL 2835207, at *3 (D. Mass. Aug. 28, 2009) (allowing discovery of "numbers of claims and ratios of denials" but denying discovery of "documents relating specifically to [the plaintiff's] claim" because it "will shed little light on the structural conflict of interest under which the claim denial occurred"). Unum also provides the declaration of Advanced Senior Paralegal Lorena M. Davis to establish that "a very conservative estimate" of the time required to review the evaluative files of one of the three identified doctors (Dr. Green) would exceed 300 hours. (Doc. No. 36-5.) From this estimate, Unum argues that the burden of producing the requested files would outweigh their minimal benefit to Mercer. (Doc. No. 36.)

The only case Mercer cites—and the only case this Court has been able to identify—in which the court allowed discovery of evaluative files is *Sallavanti*. But the court's order requiring production of evaluative files in *Sallavanti* (Doc. No. 30-6) contains no reasoning and, thus, provides no basis for this Court to reach a different conclusion than that arrived at by the other courts cited in the parties' briefs. Neither does Mercer, who argues only that the authority cited by Unum "does not state that [evaluative file] discovery is never allowable." (Doc. No. 39.)

## IV. Conclusion

Because Mercer has offered no persuasive authority from which to find that discovery of the evaluative files she identifies in RFP #6 is appropriate or proportional to the burden of production, her motion (Doc. No. 33) is DENIED.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge