IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICOLE MERCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00337 |
| v. ) | |
| ) | |
| UNUM LIFE INSURANCE COMPANY OF ) | JUDGE RICHARDSON |
| AMERICA and UNUM GROUP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's unopposed "Motion for Leave to File Documents Designated by Defendant Under Seal" (Doc. No. 59, "Motion"). Plaintiff requests leave to seal specific documents—ones cited in Plaintiff's Brief in Support of Motion for Judgment on the ERISA Record (Doc. No. 51, "Brief")—pursuant to Local Rule 5.03, the Protective Order for Confidentiality of Information (Doc. No. 25), and the Child Protective Order (Doc. No. 54) (collectively, "Protective Orders"). In particular, Plaintiff asks the Court to seal each of five different documents filed respectively at Doc Nos. 60-1, 60-2, 60-3, 60-4, and 60-5 (collectively, the "Plaintiff-Specified Documents"), each of which Plaintiff had referenced in "Plaintiff's Memorandum of Law in Support of Her Motion for Judgment on the ERISA Record (Doc. No. 51).

Although Plaintiff does not expressly say what exactly it is about the Plaintiff-Specified Documents that makes them appropriate for sealing, Plaintiff does say that she is filing them under seal because such is "required by the Protective Order [for Confidentiality of Information]." (Doc, No. 59 at 1). From this, and from the title of the Motion (which refers to these documents being

"designated," presumably as "confidential," by Defendant[s]),[1] it is easily inferable that Plaintiff has filed the documents under seal because one or more Defendants designated them as confidential.

In some cases (and in this one, in the parties' view, which the Court accepts), a protective order exists that requires a party—when filing documents the other party has designated as "confidential" documents—to file a motion to seal the documents. This enables the other party—the party that designated the documents as confidential and that therefore likely wishes to keep them under seal—to file a response to the motion that justifies keeping the documents under seal. Often (as in this case), the party that filed the motion to begin with does not actually support the sealing of the documents (and instead filed the motion to seal merely because it was required to do so under its view of an applicable protective order), and it will use its reply to assert why (contrary to its ostensible suggestion in its original motion to seal and contrary to the other's position) the documents should not be kept under seal.

Unsurprisingly (given that as indicated herein the Motion was prompted by Defendants' designation of these documents as "confidential,"), Defendants do not oppose the Motion and indeed (except as to one document, as discussed below) responded in support of Plaintiff's request to seal the Plaintiff-Specified Documents. (Doc. No. 62, "Response"). In the Response, Defendants (i) implicitly confirmed that the Specified Documents were designated by (both) Defendants as confidential, and (ii) requested that all but the first of the Specified Documents (i.e., Doc. No. 60-1) remain under seal. Plaintiff then filed a reply opposing Defendants' request to seal the Specified Documents (Doc. No. 63, "Reply"). The Court does not rubber-stamp any request to seal or any assertion that particular documents are confidential, but rather conducts its own analysis.

---

[1] In her Reply, Plaintiff expressly refers to these documents being designated by Defendants as "confidential." (Doc. No. 63 at 1).

There is a strong presumption for court records to be open to the public, and thus, there is a heavy burden to show why any records should be sealed. *See, e.g., Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). "To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)). The Sixth Circuit has noted that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). However, "[t]he public has a strong interest in obtaining the information contained in the court record [and] ... in ascertaining what evidence and records the District Court [ ] relied upon in reaching [its] decisions." *See Brown*.

The Sixth Circuit has also recognized that where documents reflect trade secrets, that fact will generally suffice to satisfy the burden of showing a compelling reason for sealing the documents. *See Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Nonetheless, "even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret." *Id.*
In their Response, Defendants maintain that the documents that they seek to keep under seal (namely, all of the Specified Documents except Doc. No. 60-1) contain or reflect trade secrets. (*Id.*).

Upon review of the contents that Defendants seek to keep under seal, and in light of the competing arguments put forth in both the Response and the Reply, the Court finds that the

interests favoring keeping the information under seal outweigh the public's legitimate interest in accessing the information. Defendant has demonstrated that the exhibits or portions thereof that Defendant seeks to seal contain either private information of third parties or trade secrets, and that the public's interest in accessing the information does not outweigh the interests of the parties. The Court also finds that the sealing requested by Defendant was narrowly tailored. Other courts in this Circuit, specifically the Eastern District of Tennessee, have found that similar information as that which Defendant seeks to keep under seal here, were trade secrets, and that similar requests were narrowly tailored. *See, e.g., Smith v. Unum Life Ins. Co. of America*, No. 1:21-cv-00294-KAC0CHS, 2023 WL 7991809 at * 3 (Sept. 26, 2023)(finding that Defendant's request to seal in that case was "narrowly tailored" and its "interest in keeping the specific, detailed, comprehensive data found in the Weekly Tracking Report at issue in this case from the public record outweighs the public's right of access.")(emphasis in original). Therefore, each of the exhibits that Defendant seeks to keep under seal, as referenced in their Response, shall remain under seal.

Therefore, Plaintiff's Motion (Doc. No. 59) is GRANTED IN PART AND DENIED IN PART. Specifically, the Clerk is DIRECTED to maintain Doc. Nos. 60-2, 60-3, 60-4, and 60-5 under seal but unseal Doc No. 60-1.

Relatedly, the Court notes that Plaintiff's Brief in Support of Judgment on the ERISA Record (Doc. No. 51, "Brief") contains various redactions because, according to Plaintiff, "[t]he documents being filed under seal are referenced by Plaintiff in her Brief in Support of Judgment on the ERISA Record." (Doc. No. 59 at 1-2). Plaintiff failed, however, to file under seal an unredacted version of the Brief, so within seven (7) days of the filing of this order, Plaintiff shall file under seal an unredacted version of the Brief, together with a motion to seal it that states simply that Plaintiff is moving to seal it in order to comply with this Order. Also, because Doc. No. 60-1

will not remain under seal—since (as the parties mutually agree) there is no reason to keep Doc. No. 60-1 under seal)—Plaintiff SHALL file an amended version of the redacted version of the Brief (Doc. No. 51); this amended version shall remove any redaction in Doc. No. 51 that was occasioned by a mention of information associated with Doc. No. 60-1.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE